## KDI CORPORATION

v.

## UNITED STATES of America.

### Civ. A. No. 75–2518A.

United States District Court,
N. D. Georgia,
Atlanta Division.

May 6, 1977.

Walter H. Wingfield, H. Wayne Phears, Sutherland, Asbill & Brennan, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Sherman D. Johnson, William D. Mallard, Jr., Asst. U. S. Attys., Atlanta, Ga., Gregory R. Schwandt, Atty., Tax Div., Dept. of Justice, Washington, D. C., for the U. S.

David H. Flint, Lawrence S. Burnat, Schreeder, Wheeler & Flint, Atlanta, Ga., for additional defendant on counterclaim.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action to recover on account of the allegedly erroneous and illegal assessment and collection of taxes by the Internal Revenue Service is presently before the court on the motion of the additional defendant on the counterclaim, Arthur Crooks Eddy, for payment of expenses for the failure of the Government to serve a subpoena to take the deposition of Cecil B. Akers, filed pursuant to Rule 30(g)(2), Fed.R.Civ.P.

> Rule 30(g)(2), Fed.R.Civ.P., provides that:
> If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon him and the witness because of such failure does not attend, and if another party attends in person or by attorney because he expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by him and his attorney in attending, including reasonable attorney's fees.

The salient facts are essentially undisputed. The United States served a notice upon counsel for defendant Eddy noticing the deposition of Mr. Akers, the chairman of the board of plaintiff corporation during the period in question, to be taken at 9:30 a. m. on March 9, 1977, in Atlanta, Georgia. A subpoena was issued but never served on Mr. Akers, although service was attempted at the address provided by plaintiff in answers to interrogatories. In late January or early February, other arrangements were made to schedule depositions on March 9 and 10, for Arthur Crooks Eddy, his wife, W. T. Etheridge, and Dallas Beck, all of whom were successfully served and appeared for their scheduled deposition. Counsel for the Government was informed

that Akers had not been located and served, and on March 8, 1977 advised respective counsel that it was unlikely that Mr. Akers would appear for the deposition. Because the deposition was not taken, Mr. Eddy seeks to recover expenses of approximately $40.00 for his attendance at the deposition, together with $225.00 in reasonable attorney's fees in preparing for and attending at the time and place appointed for the deposition. The Government objects to any award of costs and attorney's fees on the grounds that such are unreasonable in light of prior notification that Mr. Akers would not appear and that in any event, such an award is barred by 28 U.S.C. § 2412.

28 U.S.C. § 2412 expressly prohibits an award of "fees and expenses of attorneys" by a prevailing party in any civil action against the United States, "[e]xcept as otherwise specifically provided by statute". Similarly, Rule 37(f), Fed.R.Civ.P., governing sanctions for failure to make discovery expressly provides that "[e]xcept to the extent permitted by statute, expenses and fees may not be awarded against the United States under this rule". Defendant Eddy has not cited any statute expressly authorizing an award of attorney's fees or expenses, under the instant circumstances, see *EEOC v. Los Alamos Constructors, Inc.*, 382 F.Supp. 1373, 1387 (D.N.M.1974), and accordingly, defendant Eddy's motion for an award of attorney's fees and expenses is hereby DENIED.